J-S65038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRANDON W. CURRY, | |
| Appellant | No. 349 WDA 2016 |

Appeal from the PCRA Order February 3, 2016
in the Court of Common Pleas of Westmoreland County
Criminal Division at Nos.: CP-65-CR-0001270-2014
CP-65-CR-0001273-2014

BEFORE:  LAZARUS, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:　　　　　**FILED:  SEPTEMBER 12, 2016**

Appellant, Brandon W. Curry, appeals *pro se* from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We take the following history of this case from the PCRA court's opinion and our independent review of the record.  On June 1, 2015, Appellant entered a negotiated guilty plea in case numbers 1270-2014 and 1273-2014.  In case number 1270-2014, Appellant pleaded guilty to one count each of robbery, conspiracy to commit robbery, and theft by unlawful

---

[*] Retired Senior Judge assigned to the Superior Court.

taking.[1]  In return, the Commonwealth dismissed one count each of robbery and possession of a firearm prohibited.[2]  The charges related to three armed robberies committed by Appellant and an accomplice.

In case number 1273-2014, Appellant pleaded guilty to one count each of theft from a motor vehicle and possession of a controlled substance.[3]  The Commonwealth dismissed one count of public drunkenness.[4]  These charges resulted from Appellant's attempt to rob a parked vehicle while intoxicated and in possession of two alprazolam pills.

Consistent with the plea agreement, on June 1, 2015, the trial court imposed an aggregate sentence in case number 1270-2014 of not less than seven and one-half nor more than eighteen years' incarceration.  In case number 1273-2014, the court sentenced Appellant to a period of incarceration of not less than six nor more than twelve months to run concurrent with the sentence imposed in case number 1273-2014.  Appellant did not file a direct appeal.

_____

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 903(a)(1), and 3921(a), respectively.

[2] 18 Pa.C.S.A. §§ 3701(a)(1)(ii) and 6105 (a)(1), respectively.

[3] 18 Pa.C.S.A. § 3934(a) and 35 P.S. § 780-113(a)(16), respectively.

[4] 18 Pa.C.S.A. § 5505.

Appellant filed his first, timely PCRA petition, *pro se*, on October 19, 2015. Appointed PCRA counsel filed a ***Turner***/***Finley***[5] no-merit letter on November 23, 2015. On December 8, 2015, the PCRA court filed a notice of its intent to dismiss Appellant's petition without a hearing. ***See*** Pa.R.Crim.P. 907(1). Appellant responded to the notice *pro se* on December 17, 2015. The court dismissed the petition on February 3, 2016 and granted counsel's request to withdraw. On February 26, 2016, Appellant timely appealed *pro se*.[6]

To the extent that we can discern Appellant's three issues, it appears that he maintains his judgment of sentence was excessive, challenges the admission of his confession, and claims that his guilty plea was invalid due to counsel's ineffective assistance, and the fact that he was not on his medication during the plea hearing. (***See*** Appellant's Brief, at unnumbered pages 1-2).

It is well-settled that, "[o]n appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA

---

[5] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[6] The PCRA court did not order Appellant to file a Rule 1925(b) statement. ***See*** Pa.R.A.P. 1925(b). However, the court filed a Rule 1925(a) opinion on June 3, 2016, in which it relied on the reasons stated in its December 8, 2015 notice. ***See*** Pa.R.A.P. 1925(a).

court is supported by the record and free of legal error." ***Commonwealth v. Gacobano***, 65 A.3d 416, 419 (Pa. Super. 2013) (citation omitted).

We first note that, pursuant to Pa.R.A.P. 302(a), "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Here, Appellant's PCRA petition did not challenge his guilty plea on the basis that he did not have his medication during the hearing.[7] (***See*** PCRA Petition, 10/19/15, at 2, 4). Therefore, the issue is waived. ***See Commonwealth v. Wharton***, 811 A.2d 978, 986 (Pa. 2002) (waiving claim where appellant failed to raise it in PCRA petition); ***see also*** Pa.R.A.P. 302(a).

Further, pursuant to section 9544(b) of the PCRA, "[f]or purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). Here, Appellant did not challenge the court's admission of the subject confession in

---

[7] At the guilty plea hearing, Appellant confirmed that he did not have any physical or psychological problems that would prevent him from understanding what he was doing. (***See*** N.T. Guilty Plea Hearing, 6/01/15, at 8). Additionally, Appellant signed a written guilty plea petition in which he represented that his mental health was satisfactory. (Guilty Plea Petition, 6/01/15, at 4 ¶ 12). Therefore, this issue would not merit relief. ***See Pollard***, ***infra*** at 523 ("A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.") (citation omitted).

either his PCRA petition, or in a direct appeal, and therefore, he has waived this issue for our review.[8] *See Commonwealth v. Ligons*, 971 A.2d 1125, 1147 (Pa. 2009) (declining to review claim where, "[b]ecause [a]ppellant did not challenge the suppression ruling on direct appeal or in his PCRA petition, the claim is waived.") (citing 42 Pa.C.S.A. 9544(b)).

Additionally, we observe that Appellant's brief utterly fails to comply with our appellate rules. Pursuant to Pennsylvania Rule of Appellate Procedure 2111:

> **(a) General rule.**—The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:
>> (1) Statement of jurisdiction.
>>
>> (2) Order or other determination in question.
>>
>> (3) Statement of both the scope of review and the standard of review.
>>
>> (4) Statement of the questions involved.

---

[8] The record reflects that Appellant filed a counseled motion to suppress the challenged statement to the Pennsylvania State Police, which was fully litigated before the court denied his motion. (*See* Motion to Suppress, 11/05/14, at 2; *see generally*, N.T. Hearing, 12/19/14). Appellant waived any challenge to that denial when he entered his guilty plea. *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa. 2014) ("[U]pon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the legality of the sentence imposed[.]") (citation and internal quotation marks omitted); (*see also* Guilty Plea Petition, 6/01/15, at 4 ¶ 19 ("I understand that by entering a plea of guilty . . . I will not be able to appeal the court's rulings on any motions that have already been denied.")).

(5) Statement of the case.

(6) Summary of argument.

(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8) Argument for appellant.

(9) A short conclusion stating the precise relief sought.

(10) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

Pa.R.A.P. 2111.

Pennsylvania Rule of Appellate Procedure 2119 provides:

**(a) General rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

**(b) Citations of authorities.** Citations of authorities in briefs shall be in accordance with Pa.R.A.P. 126 governing citations of authorities.

**(c) Reference to record.** If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears (*see* Pa.R.A.P. 2132).

**(d) Synopsis of evidence.** When the finding of, or the refusal to find, a fact is argued, the argument must contain a synopsis

of all the evidence on the point, with a reference to the place in the record where the evidence may be found.

**(e) Statement of place of raising or preservation of issues.** Where under the applicable law an issue is not reviewable on appeal unless raised or preserved below, the argument must set forth, in immediate connection therewith or in a footnote thereto, either a specific cross-reference to the page or pages of the statement of the case which set forth the information relating thereto as required by Pa.R.A.P. 2117(c), or substantially the same information.

**(f) Discretionary aspects of sentence.** An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence.

Pa.R.A.P. 2119.

In this case, Appellant has failed to comply with the mandates of Rules 2111 and 2119. (**See** Appellant's Brief, at unnumbered pages 1-2). His brief consists of two pages wherein he generally states his complaints, and, without pertinent discussion, or citation to either authority or the record, asserts why he believes they have merit. (**See id.**).

We recognize that Appellant is proceeding *pro se*. However, it is well-settled that,

. . . although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. [**See**] Pa.R.A.P. 2101.

***Commonwealth v. Lyons***, 833 A.2d 245, 251-52 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005) (case citations omitted). "As our Supreme Court has explained, any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing." ***Commonwealth v. Greenwalt***, 796 A.2d 996, 997 (Pa. Super. 2002) (citation and internal quotation marks omitted). Based on Appellant's flagrant violation of our Rules, we conclude that he has waived all of his issues. Moreover, the two claims that remain for our review, namely Appellant's challenges to the discretionary aspects of his sentence, and the voluntariness of his guilty plea on the basis of counsel's alleged ineffectiveness, would not merit relief.

Appellant's first claim is that his negotiated sentence was excessive. (**See** Appellant's Brief, at unnumbered page 1). "This claim raises a challenge to the discretionary aspects of Appellant's negotiated sentence, and is unreviewable. The trial court imposed the sentence Appellant negotiated with the Commonwealth. Appellant may not now seek discretionary review of that negotiated sentence." ***Commonwealth v. Reid***, 117 A.3d 777, 784 (Pa. Super. 2015) (citation omitted). Moreover, we note that the PCRA does not provide an appellant relief for discretionary aspects of sentence claims. ***See Commonwealth v. Fowler***, 930 A.2d 586, 593 (Pa. Super. 2007), *appeal denied*, 944 A.2d 756 (Pa. 2008)

("Challenges to the discretionary aspects of sentencing are not cognizable under the PCRA.") (citations omitted); *see also* 42 Pa.C.S.A. § 9543(a)(2). Therefore, this claim does not merit relief.

Next, Appellant argues that his guilty plea was not voluntary because counsel was ineffective in advising him to enter it. (*See* Appellant's Brief, at unnumbered pages 1-2). This argument would lack merit.

"The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (citations omitted).

Here, during the guilty plea colloquy, Appellant confirmed that he did not have any physical or psychological problems that would prevent him from understanding what he was doing. (*See* N.T. Guilty Plea Hearing, 6/01/15, at 8). He stated that counsel explained his trial and appellate rights to him, that counsel was "fine," and that he was satisfied with his representation. (*Id.*; *see also id.* at 10-11). Appellant understood the court's explanation about what the Commonwealth would have to prove if he went to trial, and the maximum penalties that could be imposed. (*See id.* at 8-10). He maintained that no threats or promises were made to induce

him to plead guilty. (*See id.* at 10). Additionally, Appellant signed a written guilty plea petition in which he represented that he was pleading guilty "freely and voluntarily and of [his] own accord and free will" because it was in his best interest to do so. (Guilty Plea Petition, 6/01/15, at 5 ¶ 27; *see id.* at 4 ¶ 17).

Therefore, based on our review of the record, we conclude that Appellant's challenge to his guilty plea would lack merit. *See Pollard*, *supra* at 523. Hence, Appellant's issues, even if not waived, would not merit relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/2016