**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Kathleen L. GREENWALT, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 4, 2002.

Filed April 4, 2002.

---

Kathleen L. Greenwalt, appellant, pro se.

Michael W. Streily, Asst. Dist. Atty., for Commonwealth, appellee.

Before: STEVENS, BECK, and TAMILIA, JJ.

1. We gathered the procedural history from the record and the Commonwealth's brief. As will be discussed *infra,* Appellant's brief is

STEVENS, J.

¶ 1 This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Allegheny County following Appellant's conviction for harassment. We quash this appeal.

¶ 2 Appellant was found guilty of the summary offense of harassment before a district justice, and she appealed to the trial court. Following a hearing held on April 18, 2001, Appellant was convicted of harassment and fined twenty-five dollars plus costs. This timely appeal followed. The trial court did not order a statement pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), and no such statement was filed. However, the trial court filed an opinion.[1]

¶ 3 The Pennsylvania Rules of Appellate Procedure provide the following guidelines regarding the content of an appellant's brief:

**Rule 2111.  Brief of the Appellant**

**(a) General Rule.** The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly and in the following order:

(1) Statement of Jurisdiction.

(2) Statement of both the scope of review and the standard of review.

(3) Order or other determination in question.

(4) Statement of the questions involved.

(5) Statement of the case.

(6) Summary of the argument.

(7) Argument for appellant.

(8) A short conclusion stating the precise relief sought.

wholly inadequate and prevents meaningful appellate review.

(9) The opinions...specified in Subdivision (b)...of this rule.

**(b) Opinion Below.** There shall be appended to the brief a copy of any opinions delivered by any court or other government unit below relating to the order or other determination under review, if pertinent to the questions involved.

(emphasis in original).

¶ 4 With the exception of what purports to be a statement of the case and an attached trial court opinion, Appellant has failed to meet any of the requirements specified in Rule 2111. Appellant's brief contains nothing more than a list of facts presented in the light most favorable to her. Since Appellant's brief flagrantly ignores the Rules of Appellate Procedure, we are unable to clearly define what is exactly Appellant's point of controversy. While the Commonwealth guesses that Appellant is challenging the sufficiency of the evidence supporting her conviction, we decline to engage in such speculation. Simply put, Appellant has failed to provide us with a proper brief, and, therefore, we are unable to conduct meaningful judicial review.

¶ 5 Although we acknowledge that Appellant has filed this appeal without the benefit of legal representation, we find our language in *Commonwealth v. Rivera,* 454 Pa.Super. 451, 685 A.2d 1011, 1013 (1996), to be particularly applicable:

> While this Court is willing to liberally construe materials filed by a *pro se* litigant, we note that Appellant is not entitled to any particular advantage because she lacks legal training. As our Supreme Court has explained, "any layperson choosing to represent [herself] in a legal proceeding must, to some reasonable extent, assume the risk that [her] lack of expertise and legal training will prove [her] undoing."

Consequently, [w]e decline to become the appellant's counsel. When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof.

(quotations omitted).

¶ 6 Since the defects in Appellant's brief are substantial and preclude this Court from conducting any meaningful appellate review, we quash this appeal. *Id.*

¶ 7 Appeal quashed.