J-A16009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HOLLY OAKMAN, | |
| Appellant | No. 1246 EDA 2014 |

Appeal from the Judgment of Sentence March 21, 2014
in the Court of Common Pleas of Delaware County
Criminal Division at No.: CP-23-CR-0002490-2012

BEFORE: LAZARUS, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JULY 13, 2015**

Appellant, Holly Oakman, appeals *pro se* from the judgment of sentence imposed after a **Gagnon**[1] hearing for a probation violation, following a negotiated guilty plea to resisting arrest and harassment[2] related to an April 10, 2012 disturbance she caused in a Radio Shack store in Upper Darby, Delaware County. We dismiss.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See Gagnon v. Scarpelli**, 411 U.S. 778, 782 (1973) (probationer is entitled to a "preliminary hearing . . . to determine whether there is probable cause to believe that [she] has committed a violation of [her] [probation (**Gagnon I**)], and the other a somewhat more comprehensive hearing prior to the making of the final revocation decision [(**Gagnon II**)].").

[2] 18 Pa.C.S.A. §§ 5104 and 2709(a)(4), respectively.

We take the following facts and procedural history from the trial court's July 7, 2014 opinion and our independent review of the record. On June 19, 2012, Appellant, while represented by court appointed counsel, entered a negotiated guilty plea. The same day, after accepting the plea agreement, the court sentenced Appellant to an aggregate term of not less than time served nor more than twenty-three months' incarceration, followed by one year of probation, and ordered her to stay away from the Upper Darby Radio Shack. Appellant was immediately paroled.

Court appointed counsel filed a motion to withdraw the guilty plea and to change counsel on June 28, 2012. On August 2, 2012, counsel withdrew the motion. Appellant did not file a direct appeal.

On June 3, 2013, Appellant's privately retained counsel[3] filed a petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, claiming she was innocent of all charges and ineffectiveness of court appointed counsel for failing to pursue the June 28, 2012 motion to withdraw the guilty plea.

The court, at the request of the probation officer, issued a bench warrant for Appellant on March 14, 2014 and scheduled a *Gagnon II* hearing.

---

[3] Counsel entered his appearance on December 31, 2013.

On March 21, 2014, the court held hearings on both the PCRA petition[4] and *Gagnon II*.  The probation officer testified that Appellant failed to meet with her, maintain a current address, and complete mental health treatment and anger management.  (*See* N.T. *Gagnon II* Hearing, 3/21/14, at 81-84).  The same day, the court sentenced Appellant to full back time of 620 days with immediate parole, address to be verified prior to release, one year probation consecutive to parole, and mental health treatment.

Appellant timely appealed on April 15, 2014.  On April 16, 2014, the trial court entered an order directing Appellant to file a Rule 1925(b) statement within twenty-one days, by May 7, 2014.  *See* Pa.R.A.P. 1925(b).  The order advised that "[a]ny issue not properly included in this statement timely filed and served pursuant to [Pa.R.A.P.] 1925(b) shall be deemed waived."  (Concise Statement Order, 4/16/14, at 1).  Appellant failed to file her statement timely, instead, filing it twenty-nine days late on June 5, 2014.  The trial court entered its Rule 1925(a) opinion on July 7, 2014.  *See* Pa.R.A.P. 1925(a).

Appellant raises the following issues for our review:

1.    Did [Appellant] ask Attorney Daniel to withdraw her [guilty] plea?

2.    Did Attorney Daniel[] ignore [Appellant's] request by withdrawing [her] motion to withdraw her guilty plea without her assent?

---

[4] The court denied her PCRA petition on April 22, 2014.

3.     Does the [c]ourt apply the ***Pierce***[5] "no prejudice" standard, or does the [c]ourt mandate that [Appellant] demonstrate prejudice?

4.     Does [Appellant] demonstrate prejudice when she shows that her right to appeal was, in essence, quashed by counsel's unilateral decision to withdraw [her] [m]otion to [w]ithdraw [p]lea?

(Appellant's Brief, at unnumbered page 6).[6]

Before we may address the merits of Appellant's issues, we must determine whether she properly preserved them for our review. Rule 1925(b) provides, in relevant part:

**(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court**.— If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

\*     \*     \*

(2) *Time for filing and service.*—The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. . . . In extraordinary circumstances, the judge may allow for the filing

---

[5] ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987).

[6] We note that Appellant filed an identical brief in her appeal of the denial of her first PCRA petition. The issues raised in her brief relate to the PCRA appeal and not to the instant appeal.

- 4 -

of a Statement or amended or supplemental Statement *nunc pro tunc.*

(3) *Contents of order.*—The judge's order directing the filing and service of a Statement shall specify:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

(ii) that the Statement shall be filed of record;

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1);

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

4) *Requirements; waiver.*

\* \* \*

(vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

Pa.R.A.P. 1925(b)(2), (3), (4)(vii).

An *en banc* panel of this Court has held:

Our Supreme Court intended the holding in [**Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998)] to operate as a bright-line rule, such that "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in **automatic waiver** of the issues raised." **Commonwealth v. Schofield**, . . . 888 A.2d 771, 774 ([Pa.] 2005) (emphasis added); **see also** [**Commonwealth v.**] **Castillo**, 888 A.2d [775, 780 (Pa. 2005)]. Given the automatic nature of this type of waiver, we are required to address the issue once it comes to our attention. Indeed, our Supreme Court does not countenance anything less than stringent application of waiver pursuant to Rule 1925(b): "[A] bright-line rule eliminates the potential for inconsistent results that existed prior to **Lord**, when . . .

- 5 -

appellate courts had discretion to address or to waive issues raised in non-compliant Pa.R.A.P. 1925(b) statements." ***Id.*** Succinctly put, it is no longer within this Court's discretion to ignore the internal deficiencies of Rule 1925(b) statements.

\*    \*    \*

Stated simply, it is no longer within this Court's discretion to review the merits of an untimely Rule 1925(b) statement based solely on the trial court's decision to address the merits of those untimely raised issues. Under current precedent, even if a trial court ignores the untimeliness of a Rule 1925(b) statement and addresses the merits, those claims still must be considered waived: Whenever a trial court orders an appellant to file a concise statement of [errors] complained of on appeal pursuant to Rule 1925(b) the appellant **must** comply in a timely manner.

***Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 224-25 (Pa. Super. 2014) (*en banc*) (emphases in original) (some citations and quotation marks omitted).

Here, the record reflects that on April 16, 2014, the trial court issued an order in technical compliance with Rule 1925(b) requiring Appellant to file a statement "no later than twenty[-]one (21) days after the date of this [o]rder." (Concise Statement Order, 4/16/14, at 1). The order provided that "[a]ny issue not properly included in this statement timely filed and served pursuant to [Pa.R.A.P.] 1925(b) shall be deemed waived." (***Id.***). Appellant filed her untimely concise statement twenty-nine days late on June 5, 2014.

Based on this record, because Appellant did not timely file her Rule 1925(b) statement, we conclude that she failed to comply with the minimal requirements of Rule 1925(b). Consequently, she has waived all of her

issues on appeal. *See* Pa.R.A.P. 1925(b)(4)(vii); *see also Greater Erie Indus. Dev. Corp.*, *supra* at 224-25. Accordingly, we may not address the merits of those claims. *See Greater Erie Indus. Dev. Corp.*, *supra* at 227.[7]

Appeal dismissed.

Judge Lazarus joins the Memorandum.

Judge Olson concurs in the result.

_____

[7] We note that our "Rules of Appellate Procedure provide for limited instances in which appellate courts may remand [criminal] cases to trial courts in order to cure defects in Rule 1925 practice." *Greater Erie Indus. Dev. Corp.*, *supra* at 227 n.7. Here, none of the circumstances are applicable. *See* Pa.R.A.P. 1925(c).

Moreover, the record reflects that Appellant has failed to file a brief addressing her issues. *See* Pa.R.A.P. 2101 (authorizing quashal or dismissal where substantial briefing defects); *Commonwealth v. Greenwalt*, 796 A.2d 996, 997 (Pa. Super. 2002) (no meaningful review possible where substantial defects in *pro se* brief even when trial court files opinion addressing appellant's issues).

Furthermore, Appellant's issues lack merit. The trial court explained that "[Appellant] seems to suggest that [her parole] violations were not her fault and she did not intentionally violate the terms of her parole. . . . [Her] argument that she is not in violation of her parole is meritless." (Trial Court Opinion, 7/07/14, at 2-3). Upon review, we agree and conclude that the record supports the court's decision to revoke Appellant's parole. *See Commonwealth v. Shimonvich*, 858 A.2d 132, 135 (Pa. Super. 2004) (parole revocation appropriate where appellant violated terms even when trial court recognized her efforts to change her life).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/13/2015