J-S36042-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GEOFFREY ADAMS, | : | |
| | : | |
| Appellant | : | No. 202 WDA 2015 |

Appeal from the Order Entered January 20, 2015,
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-CR-0010604-1984

BEFORE:   PANELLA, JENKINS, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:                **FILED JULY 17, 2015**

Geoffrey Adams (Appellant) appeals *pro se* from the order entered January 20, 2015, which denied his "petition for exemption."  We dismiss.

In 1988, Appellant was convicted of rape, involuntary deviate sexual intercourse, simple assault, unlawful restraint, and corruption of minors for an incident involving a 13-year-old girl.  The trial court imposed an aggregate sentence of 15 to 30 years' incarceration.  A panel of this Court affirmed Appellant's judgment of sentence, and his petition for allowance of appeal was denied. ***Commonwealth v. Adams***, 564 A.2d 255 (Pa. Super. 1988), *appeal denied*, 567 A.2d 650 (Pa. 1989).

Appellant served his maximum sentence and was released from incarceration on October 24, 2014.  On October 27, 2014, Appellant filed the petition at issue in this case, entitled "petition for exemption."  In that

---

*Retired Senior Judge assigned to the Superior Court.

petition, Appellant argued, in relevant part, that he purposely chose to serve out his maximum sentence, rather than be paroled, specifically to avoid certain registration requirements in the most recent version of Megan's Law, passed on December 20, 2012. Specifically, he did not want to have information about his name, address, and crimes available on the Internet.[1]

On January 20, 2015, the trial court denied Appellant's petition. Appellant timely filed a notice of appeal. The trial court did not request Appellant file a concise statement of errors complained of on appeal; however, the trial court did author an opinion in support of dismissing the petition.

On appeal, Appellant attempts to present two claims for our consideration. However, before we reach the merits of those claims, we consider the contents of Appellant's brief on appeal.

The Pennsylvania Rules of Appellate Procedure provide the following guidelines regarding the content of an appellant's brief:

**Rule 2111. Brief of the Appellant**

**(a) General Rule.** The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly and in the following order:

(1) Statement of Jurisdiction.

---

[1] In his petition, Appellant refers to "42 Pa.C.S. § 9798.1 (relating to information made available on the Internet and electronic notification)." Petition, 10/27/2014. As of December 20, 2012, that section was replaced by 42 Pa.C.S. § 9799.28.

(2) Statement of both the scope of review and the standard of review.

(3) Order or other determination in question.

(4) Statement of the questions involved.

(5) Statement of the case.

(6) Summary of the argument.

(7) Argument for appellant.

(8) A short conclusion stating the precise relief sought.

(9) The opinions … specified in Subdivision (b) … of this rule.

**(b) Opinion Below.** There shall be appended to the brief a copy of any opinions delivered by any court or other government unit below relating to the order or other determination under review, if pertinent to the questions involved.
(emphasis in original).

*Commonwealth v. Greenwalt*, 796 A.2d 996, 996-97 (Pa. Super. 2002).

[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may … dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. For example,

[t]he argument [section] shall be divided into as many parts as there are questions to be argued; and shall have as the head of each part-in distinctive type or in type distinctively displayed-the particular point treated therein, **followed by such discussion**

> **and citation of authorities as are deemed pertinent**.

Pa.R.A.P. 2119(a).

***Commonwealth v. Lyons***, 833 A.2d 245, 251-52 (Pa. Super. 2003) (some citations omitted; emphasis added).

Instantly, Appellant's entire "brief" is one page with an introductory statement and two questions he wishes to raise on appeal.[2]  It does not contain a statement of jurisdiction, statement of scope and standard of review, statement of the case, summary of the argument, the relief sought, or even the opinion authored by the lower court.  Most critically, the brief is devoid of an argument section.  "When issues are not properly raised and developed in briefs, [and] when the briefs are wholly inadequate to present specific issues for review[, this] Court will not consider the merits thereof." ***Commonwealth v. Rivera***, 685 A.2d 1011, 1013 (Pa. Super. 1996) (quoting ***Commonwealth v. Sanford***, 445 A.2d 149, 150 (Pa. Super. 1982)). ***See also Bolick v. Commonwealth***, 69 A.3d 1267, 1269 (Pa. Super. 2013) (finding *pro se* appellant waived issue where he failed to present argument on appeal).

---

[2] Appellant also attaches the petition filed with the lower court, as well as several other documents.  None of these documents presents any argument whatsoever.

Because the defects in Appellant's brief are substantial, this Court is precluded from engaging in meaningful appellate review. For this reason, we dismiss the appeal.

Appeal dismissed.


Judgment Entered.


Joseph D. Seletyn, Esq.

Prothonotary


Date: 7/17/2015