J-S19045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ARTIS CARNEL CARROLL, JR. | : | |
| | : | |
| Appellant | : | No. 1256 MDA 2016 |

Appeal from the Judgment of Sentence July 12, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0001537-2015

BEFORE:   GANTMAN, P.J., BENDER, P.J.E. and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MARCH 29, 2017**

Appellant, Artis Carnel Carroll, Jr., appeals *pro se* from the judgment of sentence imposed on July 12, 2016, in the Lancaster County Court of Common Pleas following the revocation of Appellant's parole on the charge of defiant trespass.[1]  We quash this appeal.

The relevant facts and procedural history are as follows: On March 27, 2015, Appellant was arrested and charged with one count of defiant trespass on Millersville University ("Millersville") property.  The charge was docketed

---

[1] 18 Pa.C.S.A. § 3503(b)(1)(i).  Appellant filed an appeal to this Court from the imposition of his original judgment of sentence on December 1, 2015. That appeal is docketed at 88 MDA 2016 and is being addressed in a separate decision.

[*] Former Justice specially assigned to the Superior Court.

at 36-CR-0001541-2015, and following his arraignment, Appellant was released on bail with a condition that he not return to Millersville.

On March 31, 2015, Appellant sat for a class at Millersville, and police arrested him on site. Appellant was charged with a second count of defiant trespass, which was docketed at CP-36-CR-0001537-2015, and his bail was revoked with regard to the prior charge.

The cases were consolidated in the trial court, and on December 1, 2015, Appellant proceeded to a jury trial with Assistant Public Defender Phillip Michael as standby counsel. At the conclusion of the trial, on December 1, 2015, the jury acquitted Appellant of the defiant trespass charge in connection with the March 27, 2015, incident; however, the jury convicted Appellant of one count of defiant trespass for the March 31, 2015, incident.

Appellant proceeded immediately to a sentencing hearing, at the conclusion of which the trial court imposed a sentence of time served to twelve months in prison. Due to the amount of time Appellant had already served awaiting trial, the trial court indicated Appellant would be paroled immediately without petition. N.T., 12/1/15, at 420. Additionally, as a condition of his sentence, the trial court directed Appellant to undergo a mental health evaluation, pay a fine of $300.00, perform fifty hours of community service, and "have absolutely no contact with any employee of Millersville, [ ] have absolutely no contact with [Millersville] whatsoever." *Id.*

at 421. The trial court clarified that if Appellant needed to communicate with Millersville regarding any pending legal matters, he was permitted to have contact only through Millersville's legal counsel. *Id.* The trial court further clarified that Appellant was to remain off of Millersville's property. *Id.* at 421-22.

On December 15, 2015, Appellant, who was no longer in prison, filed a *pro se* document entitled "Objection to Triple Jeopardy." The trial court treated this document as an untimely post-sentence motion and denied it. On December 21, 2015, Appellant filed a timely *pro se* appeal from his December 1, 2015, judgment of sentence.

Meanwhile, on December 18, 2015, the Lancaster County Probation and Parole Office submitted to the trial court a petition to issue *capias* and a bench warrant on the basis Appellant failed to report to the Central Intake Unit of the Adult Probation and Parole Services upon his release from prison as required. The petition further alleged that Appellant violated the trial court's December 1, 2015, no contact order by contacting Millersville via fax on December 4, 2015. The trial court granted the petition, directing that a *capias* and bench warrant be issued.

On January 13, 2016, following a hearing, Appellant was found to be in violation of his parole, and Appellant was sentenced to time served, resulting in him being paroled again immediately from prison. The sentencing order noted that all previously imposed conditions remained in effect. Appellant

did not file an appeal to this Court from the January 13, 2016, violation of parole sentence.

On April 4, 2016, the Lancaster County Probation and Parole Office submitted to the trial court a petition to issue *capias* and a bench warrant on the basis that Appellant had violated a condition of his parole; to wit, on March 3, 2016, he was charged with making terroristic threats, harassment, and disorderly conduct for an offense occurring on or about March 2 to 3, 2016, in Upper Darby Township.

On July 12, 2016, after a thorough colloquy, Appellant waived his right to counsel and proceeded *pro se* to a violation of parole hearing. At the hearing, the parole officer indicated that Appellant's new criminal charges were held for court and such constituted a direct violation of his parole in the instant case. N.T., 7/12/16, at 7. The lower court determined that Appellant was in violation of his parole, revoked his parole, and remanded him to the county jail to serve the balance of his unexpired term. The trial court further noted all previously imposed conditions remained in effect.

On July 14, 2016, Appellant filed the instant timely *pro se* notice of appeal to this Court. On July 15, 2016, and July 18, 2016, he purported to file a motion for a new hearing and a motion challenging the weight of the evidence, respectively. On July 27, 2016, the lower court directed Appellant to file a Pa.R.A.P. 1925(b) statement and noted that the trial court was divested of jurisdiction as it related to Appellant's July 15, 2016, and July

18, 2016, motions. Appellant filed a timely Pa.R.A.P. 1925(b) statement, and the trial court filed a Pa.R.A.P. 1925(a) opinion on August 8, 2016.

Appellant presents the following "Statement of Questions Involved," which we set forth verbatim:

> [1.] Did the 104 day delay between Appellant[']s detention and Gagnon II Hearing violate his right to due process[?]
>
> [2.] Did the 92 day delay between Appellant[']s detention and Preliminary Hearing violate his right to due process[?]
>
> [3.] Did [the] Trial Court err and abuse its discretion by not waiting until the outcome of the new charges as the Appellant requested[?]
>
> [4.] In light of the charges that brought rise to the order revoking parole being dismissed is the [A]ppellant entitled to have his sentence terminated[?]
>
> [5.] Did [the] trial court err and abuse its discretion by revoking parole without evidence of probative value[?]

Appellant's Brief, Statement of Questions Involved.[2]

Although he has set forth five issues in his "Statement of Questions Involved," Appellant has not presented a coherent argument permitting meaningful review of his issues. Appellant's entire "Summary of Argument" and "Argument" portion of his brief is set forth verbatim as follows:

> **Summary of argument**
> The Appellant['s] parole was revoked without evidence of probative value. Mere arrest and indictments without convictions have no value as probative matter. **Commonwealth v. Davis**, 234 Pa. Super. [31] (1975). The Appellant opposed the fact that he was arrested and held for court had no probative value. Although it is constitutionally permissible for a probation/parole

---

[2] Appellant's Brief is not paginated.

revocation hearing to be held after arrest but before determination of a criminal charge, **Commonwealth v. Kates**, 452 Pa. 102, 305 A.2d 701 (1973),[3] it has been recognized that "it may in many cases be preferable to defer that hearing until end of trial, thus avoiding the possibility unjust result of revoking probation/parole, only to find that later the probationer/parolee has been acquitted of the charges that prompted the revocation hearing."

**Argument for appellant**

The rule of law is important in the stability of society. Arbitrary actions in the revocation of parole can only impede and impair the rehabilitative aspects of modern penology.

The appellant was acquitted of charges which gave rise to revocation therefore a just result this court have to reverse[.]

Appellant's Brief (bold in original) (footnote added).

It is well settled that this Court may not act as counsel for a party or develop the analysis necessary to support a party's position. **Commonwealth v. Fry**, 41 A.3d 605 (Pa.Super. 2012). Additionally, while we acknowledge Appellant has filed this appeal *pro se*, we note the following:

> While this Court is willing to liberally construe materials filed by a *pro se* litigant, we note that Appellant is not entitled to any particular advantage because [he] lacks legal training. As our Supreme Court has explained, any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing.
>
> Consequently, [w]e decline to become the appellant's counsel. When issues are not properly raised and developed in briefs...a Court will not consider the merits thereof.

_____

[3] In **Kates**, our Supreme Court held that it is permissible to conduct a revocation hearing before trial on the subsequent offenses giving rise to the violation.

***Commonwealth v. Greenwalt***, 796 A.2d 996, 997 (Pa.Super. 2002) (quotation and quotation marks omitted). ***See Wilkins v. Marsico***, 903 A.2d 1281, 1284 (Pa.Super. 2006) (holding that, although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant). Thus, while we are not insensitive to the fact Appellant is proceeding *pro se*, his failure to develop a coherent argument precludes us from conducting meaningful appellate review. Consequently, we quash this appeal. ***Greenwalt***, 796 A.2d at 997.

Appeal Quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2017