J-S19044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ARTIS CARNEL CARROLL JR. | : | |
| | : | |
| Appellant | : | No. 88 MDA 2016 |

Appeal from the Judgment of Sentence December 1, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0001537-2015,
CP-36-MD-0000769-2015, CP-36-MD-0000797-2015

BEFORE:   GANTMAN, P.J., BENDER, P.J.E. and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED MARCH 29, 2017**

Appellant, Artis Carnel Carroll, Jr., appeals *pro se* from the judgment of sentence entered in the Court of Common Pleas of Lancaster County following his conviction by a jury on one count of defiant trespass, 18 Pa.C.S.A. § 3503(b)(1)(i).[1]   We affirm.

---

[1] We note that, while the instant matter was pending, Appellant was twice found to be in violation of his parole.  With regard to the second violation, which resulted in his parole being revoked and the imposition of a prison term on July 12, 2016, Appellant filed an appeal, which is docketed in this Court at 1256 MDA 2016.  We shall address Appellant's issues related to the July 12, 2016, sentence entered after the revocation of his parole in a separate decision.

[*] Former Justice specially assigned to the Superior Court.

The relevant facts and procedural history are as follows: On March 27, 2015, Appellant was arrested and charged with one count of defiant trespass on Millersville University ("Millersville") property. The charge was docketed at 36-CR-0001541-2015, and following his arraignment, Appellant was released on bail with a condition that he not return to Millersville.

On March 31, 2015, Appellant sat for a class at Millersville, and police arrested him on site. Appellant was charged with a second count of defiant trespass, which was docketed at CP-36-CR-0001537-2015, and his bail was revoked with regard to the prior charge.

The cases were consolidated in the trial court, and on December 1, 2015, Appellant proceeded to a jury trial with Assistant Public Defender Phillip Michael as standby counsel. At the conclusion of the trial, on December 1, 2015, the jury acquitted Appellant of the defiant trespass charge in connection with the March 27, 2015, incident; however, the jury convicted Appellant of one count of defiant trespass for the March 31, 2015, incident.

Appellant proceeded immediately to a sentencing hearing, at the conclusion of which the trial court imposed a sentence of time served to twelve months in prison. Due to the amount of time Appellant had already served awaiting trial, the trial court indicated Appellant would be paroled immediately without petition. N.T., 12/1/15, at 420. Additionally, as a condition of his sentence, the trial court directed Appellant to undergo a

mental health evaluation, pay a fine of $300.00, perform fifty hours of community service, and "have absolutely no contact with any employee of Millersville, [ ] have absolutely no contact with [Millersville] whatsoever." *Id.* at 421. The trial court clarified that if Appellant needed to communicate with Millersville regarding any pending legal matters, he was permitted to have contact only through Millersville's legal counsel. *Id.* The trial court further clarified that Appellant was to remain off of Millersville's property. *Id.* at 421-22.

On December 15, 2015, Appellant, who was no longer in prison, filed a *pro se* document entitled "Objection to Triple Jeopardy." The trial court treated this document as an untimely post-sentence motion and denied it. On December 21, 2015, Appellant filed a timely *pro se* appeal from his December 1, 2015, judgment of sentence. The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement, Appellant timely complied, and on March 21, 2016, the trial court filed a Pa.R.A.P. 1925(a) opinion.

Appellant presents the following "Statements of Questions Involved," which we set forth verbatim:

> [1.] Did [the] Trial Court err and abuse its discretion by excluding the audio recording from March 25, 2015, and the video recording from March 26, 2015, without satisfying the prerequisites of an oral communication Wiretap Violation claim?
>
> [2.] Was the Appellant's Fifth Amendment right to protection from double jeopardy violation [*sic*] [?]
>
> [3.] Did Millersville University violate the Appellant's Fourteenth Amendment right by suspending him before a Judicial Affairs hearing?

[4.] After the jury acquitted the Appellant of the March 27, 2015, trespass, does there remain any other evidence to support the trespass conviction on March 31, 2015?

[5.] Was counsel ineffective in regards to not knowing the recordings were obtain[ed] legally and by not turning over the recordings to the Commonwealth as per [Appellant's] request and Judge Reinaker['s] September 14, 2015, order?

[6.] Was the Appellant's right to Due Process violated during the process of when District Court 02-2-06 withdrew and reopen[ed] the Summary Offense without notice and allegedly tried the case without giving notice, to at the time of counsel, of trial date, sentence, and appellate rights?

Appellant's Brief, Statement of Questions Involved.[2]

Initially, we note that, although he has set forth six issues in his "Statement of Questions Involved," Appellant has presented an argument permitting review as to a single claim; namely, whether the evidence was sufficient to support his conviction of one count of defiant trespass for the incident occurring on March 31, 2015. In all other respects, Appellant has set forth no argument relating to the issue or, as in the case of his first issue regarding the trial court's exclusion of audio and video recordings, he has set forth insufficient argument to permit meaningful review.[3]

_____

[2] We note Appellant's brief is not paginated.

[3] As to Appellant's challenge to the trial court's exclusion of audio and video recordings, Appellant's entire appellate argument is as follows:

**TRIAL COURT ERRED AND ABUSED ITS DISCRETION.-**By [d]enying the audio recordings and video recordings to be introduce[d] as evidence. Especially the audio recording from March 25, 2015, and video recording from March 26, 2015. [Appellant] argues he recorded his whereabouts for protection

*(Footnote Continued Next Page)*

A case such as this one brings to mind several interrelated principles which, while both obvious and already made plain by case law, are nonetheless worth noting. Assuming an appellant states the intended legal issues, this Court could, at least in theory, set forth the applicable law, construct arguments on behalf of the appellant, analyze the relative merits of the argument we have constructed, and reach a decision. However, doing so would be improper. *Commonwealth v. Fry*, 41 A.3d 605, 613 (Pa.Super. 2012) ("It would be improper for this Court to act as counsel for a party. That is, we must not write a party's brief and develop the analysis necessary to support the party's position.") (citations omitted).

Additionally, while we acknowledge Appellant has filed this appeal *pro se*, we note the following:

*(Footnote Continued)* ———————————

> against the foreseen false allegations, and the people in the recordings have no expectation to privacy. The recordings were done in a place open to the public. [Appellant] could not reference the recordings to the Jury in any way. The recordings are evidence that proves Millersville University gave [Appellant] a disciplinary record without due process because he is asking for his Student Records. The recordings also prove [Appellant] never preached [*sic*] the peace and that Millersville University Police Department is corrupt.

Appellant's Brief (bold in original). As is evident, Appellant has not presented a coherent argument with citation to relevant authority. Accordingly, we decline to address this issue further. *See Commonwealth v. Miller*, 721 A.2d 1121, 1124 (Pa.Super. 1998) ("When issues are not properly raised and developed in briefs,...a court will not consider the merits thereof.") (citations omitted).

> While this Court is willing to liberally construe materials filed by a *pro se* litigant, we note that Appellant is not entitled to any particular advantage because [he] lacks legal training. As our Supreme Court has explained, any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing.
>
> Consequently, [w]e decline to become the appellant's counsel. When issues are not properly raised and developed in briefs...a Court will not consider the merits thereof.

***Commonwealth v. Greenwalt***, 796 A.2d 996, 997 (Pa.Super. 2002) (quotation and quotation marks omitted). ***See Wilkins v. Marsico***, 903 A.2d 1281, 1284 (Pa.Super. 2006) (holding that, although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant). Thus, while we are not insensitive to the fact Appellant is proceeding *pro se*, we find all of his issues to be waived, with the exception of his issue related to the sufficiency of the evidence supporting his conviction.

Appellant contends the evidence was insufficient to convict him of defiant trespass for the incident occurring on March 31, 2015. Specifically, he alleges (1) there is insufficient evidence that Appellant was given notice of a suspension from Millersville, and (2) the jury's verdict is improperly inconsistent.

> When examining the sufficiency of the evidence,
>
> the standard we apply...is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the factfinder to find every element of the crime beyond a reasonable doubt. In applying [this] test, we may not weigh the evidence and substitute our

judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the factfinder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all the evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Houck*, 102 A.3d 443, 448 (Pa.Super. 2014) (citations omitted).

A person commits the offense of defiant trespass, "[i]f knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass has been given by actual communication to the actor." 18 Pa.C.S. § 3503(b)(1)(i). Therefore, "in order to establish a violation it is necessary to prove that [Appellant]: 1) entered or remained upon property without a right to do so; 2) while knowing that he had no license or privilege to be on the property; and 3) after receiving direct or indirect notice against trespass." *Commonwealth v. Namack*, 663 A.2d 191, 194 (Pa.Super. 1995) (citations omitted). Additionally, we note that the "crime of defiant trespass thus includes an element of intent or *mens rea.* This element of intent, like every other element of the crime, must be proven beyond a reasonable doubt if the conviction is to survive a challenge to the sufficiency of the evidence." *Id.* (citations omitted).

With regard to the consistency of verdicts, we have previously stated that:

> [c]onsistency in verdicts in criminal cases is not necessary. This Court has stated, [w]hen an acquittal on one count in an indictment is inconsistent with a conviction on a second count, the court looks upon [the] acquittal as no more than the jury's assumption of a power they had no right to exercise, but to which they were disposed through lenity. Thus, this Court will not disturb guilty verdicts on the basis of apparent inconsistencies as long as there is evidence to support the verdict.

*Commonwealth v. Swann*, 635 A.2d 1103, 1104 (Pa.Super. 1994) (citations, quotation marks, and quotations omitted). Moreover, inconsistent verdicts "are not considered mistakes and do not constitute a basis for reversal." *Commonwealth v. Talbert*, 129 A.3d 536, 545 (Pa.Super. 2015) (quotation omitted). Further, as our Supreme Court has held: "a[n] acquittal cannot be interpreted as a specific finding in relation to some of the evidence," and a "long line of cases from both [the Pennsylvania Supreme] Court and the United States Supreme Court...unequivocally permit inconsistent jury verdicts and prohibit drawing inferences from a jury's verdict of acquittal." *Commonwealth v. Moore*, 628 Pa. 103, 103 A.3d 1240, 1250 (2014).

In the case *sub judice*, in addressing Appellant's sufficiency claim, the trial court aptly indicated the following:

> Presently, the cases against Appellant were a consolidation of two dockets that were based on two separate incidents occurring four days apart. Testimony established that the defiant trespass incident underlying docket number 1541-2015, for

which Appellant was acquitted, occurred on March 27, 2015, when Appellant went to Millersville for a scheduled meeting with the director of judicial affairs. At that meeting, Appellant was told he was suspended from school and he was served with a no-trespass letter.[4] Following the meeting, while being escorted out of the director's office by Millersville police, Appellant repeatedly stated he was not going to comply with the no-trespass letter and refused to leave campus. Thus, Appellant was arrested for defiant trespass.

The defiant trespass at docket number 1537-2015, for which Appellant was convicted and is now appealing, occurred on March 31, 2015. On that date, while still suspended from Millersville and prohibited from being on campus, Appellant re-appeared on campus and was arrested for trespassing....[T]here was sufficient evidence to support Appellant's conviction for defiant trespass at 1537-2015, notwithstanding Appellant's acquittal on [the defiant trespass charge at docket number] 1541-2015.[10]

_____

[10][T]he Commonwealth presented overwhelming evidence to establish that Appellant entered onto Millersville property on March 31, 2015, after being given notice against trespass by actual communication on March 27, 2015, knowing he did not have permission from an authorized person to enter onto Millersville property on March 31, 2015, thus defying an order personally communicated to him by an authorized person not to return to Millersville. As such, each material element of the crime of defiant trespass was proven beyond a reasonable doubt [as to the March 31, 2015, incident.] *See* 18 Pa.C.S.A. § 3503(b)(1)(i).

Trial Court Opinion, filed 3/21/16, at 7-8 (citations to record and footnote omitted) (footnote added). We find no error in the trial court's analysis and

_____

[4] On March 10, 2015, Appellant became angry and disruptive when he did not receive records he was seeking from Millersville's Registrar's Office. Appellant was prohibited from returning to the Registrar's Office; however, he continued to return to the Office, which resulted in the meeting and suspension at issue. *See* Trial Court Opinion, filed 3/21/16, at 1 n.2.

agree that the evidence was sufficient to sustain Appellant's conviction for defiant trespass docketed in the lower court at CP-36-CR-0001537-2015.[5, 6]

For all of the forgoing reasons, we affirm Appellant's December 1, 2015, judgment of sentence.[7]

_____

[5] With regard to Appellant's ineffective assistance of trial counsel claim, even if he had properly developed the claim on appeal, we note that we generally defer such claims without prejudice to the appellant's right to raise the issue in a collateral attack under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. **See Commonwealth v. Arrington**, 624 Pa. 506, 86 A.3d 831 (2014).

[6] Although not included in his "Statement of Questions Involved," Appellant presents the following undeveloped claim in the argument portion of his brief:

> **CHALLENGE TO DISCRETIONARY ASPECT OF SENTENCE**
> Trial court imposed an illegal and unconstitutional sentence which is unwaivable. Sentencing [Appellant] to the maximum for an [*sic*] misdemeanor in the third degree after he already served more than the sentencing guidelines call for with aggravated factors. The mental health evaluation was offensive and inappropriate, it's a violation of [Appellant's] right to privacy and reputation. There is no evidence from March 31, 2015, to support the Commonwealth suggesting, and the Court ordering, a mental health evaluation, [Appellant] was simply going to class under a[n] unlawful suspension as he did the previous day with no problem.

Appellant's Brief (bold in original). As is evident, Appellant has not presented a coherent argument with citation to relevant authority, and thus, we decline to address his claim to the extent it challenges the discretionary aspects of sentencing. **See Miller**, **supra**. Further, we note that there is no indication that Appellant's sentence was illegal. 18 Pa.C.S.A. § 1104 (indicating the maximum statutory sentence for defiant trespass, which is a misdemeanor of the third degree, is one-year in prison).

[7] On February 18, 2016, Appellant filed in this Court a *pro se* "Application for Emergency Relief" in which he sought an order from this Court permitting
*(Footnote Continued Next Page)*

Affirmed; Appellant's Application for Emergency Relief filed on February 18, 2016, is DENIED; Appellant's Application for Writ of Mandamus filed on June 14, 2016, is DENIED; Appellant's Application for Relief filed on February 27, 2017, is DENIED.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2017

---

*(Footnote Continued)* —————

him to communicate with Millersville for unspecified reasons. We deny the application.

On June 14, 2016, Appellant filed a *pro se* "Application for Writ of Mandamus" requesting we direct his immediate release from prison for unspecified crimes. We deny this application.

On February 27, 2017, Appellant filed in this Court a *pro se* "Application for Relief" in which he alleged, *inter alia*, that the trial court had no jurisdiction in this case. We deny this application.