J-S82009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| L. C. THOMAS, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MONRO MUFFLER, INC., | |
| Appellee | No. 1949 WDA 2016 |

Appeal from the Judgment Entered January 4, 2017
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD 09-016171

BEFORE:  BENDER, P.J.E., STEVENS, P.J.E.[*], and STRASSBURGER, J.[**]

MEMORANDUM BY BENDER, P.J.E.:            **FILED  MARCH 20, 2018**

Appellant, L.C. Thomas, appeals *pro se* from the judgment entered in favor of Appellee, Monro Muffler, Inc. (Monro), following a jury trial.  We affirm.

The trial court summarized the factual background and procedural history of this case as follows:

### I.    BACKGROUND

This litigation involves the breakdown of a business transaction between [Mr. Thomas] and Monro….  In August 2009, after experiencing damage to his 2004 Ford Windstar, [Mr. Thomas] brought his vehicle to [Monro] for repairs.  [Mr. Thomas] alleged that [Monro] had violated its "Thirty … Day Price Match Guarantee" policy and performed unauthorized work on [Mr. Thomas's] vehicle in early August of 2009.  It was [Monro's] position that [Mr. Thomas] had specifically authorized all repairs to the vehicle

---

[*] Former Justice specially assigned to the Superior Court.
[**] Retired Senior Judge assigned to the Superior Court.

and that [Mr. Thomas] had prevented the repair shop from making a final adjustment to the invoice consistent with its Price Match Guarantee. The difference in the parties' positions in August of 2009 was approximately two hundred … dollars.

## II.  PROCEDURAL HISTORY

[Mr. Thomas] filed a three … count complaint on September 17, 2009, alleging at Count I, Misrepresentation, Intentional Misrepresentation, and Negligen[t] Misrepresentation; at Count II, Fraud and Gross Negligence; and at Count III, Breach of Contract and Guarantee.  Following seven … years of pre-trial filings, this matter was placed on the September 2016, Allegheny County Civil Trial List.

The parties … consented to a six-person jury on the day of trial. This [c]ourt presided over a one-day jury trial, both commencing and ending on September 13, 2016.  On that same date, the jurors empaneled returned a verdict in favor of [Monro] and against [Mr. Thomas].  [Mr. Thomas] filed Post-Trial Motions.

Following argument on [Mr. Thomas's] request for Post-Trial Relief, this [c]ourt entered an Order dated November 29, 2016, denying [Mr. Thomas's] motion.  On December 27, 2016, [Mr. Thomas] filed a Notice of Appeal to the Superior Court of Pennsylvania. On January 4, 2017, judgment was entered in favor of [Monro] and against [Mr. Thomas].  On that same day and in response to [Mr. Thomas's] Notice of Appeal, [this court] filed an Order directing [Mr. Thomas] to file a Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. []1925(b)(1).  [Mr. Thomas's] [c]oncise statement was timely filed on January 17, 2017, placing this matter properly before the Superior Court [o]f Pennsylvania.

Trial Court Opinion (TCO), 3/2/2017, at 1-3 (internal citation and original brackets omitted).

In contravention of Pa.R.A.P. 2111(a) and 2116(a), Mr. Thomas does not set forth, in a separate and distinct section of his brief, a statement of the questions involved.  *See* Pa.R.A.P. 2111(a) (listing the required contents of an appellant's brief); Pa.R.A.P. 2116(a) ("The statement of the questions

involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail."). "Issues not presented in the statement of questions involved are generally deemed waived." *See Werner v. Werner*, 149 A.3d 338, 341 (Pa. Super. 2016) (citations omitted). Nevertheless, "such a defect may be overlooked where an appellant's brief suggests the specific issue to be reviewed and [the] appellant's failure does not impede our ability to address the merits of the issue." *Id.* (citation and original brackets omitted). Here, Mr. Thomas divides the argument section of his brief into multiple sections with headings describing the particular point treated therein, which we produce verbatim:

New evidence

The courts error when failed to give instructions to all counts of Mr. Thomas complaint and pretrial statement

The courts error when failing to give clear instruction and re-instruction to juror when they were confusion

The court error when it failed to present all exhibits/evidence to the jury while deliberation

The court error when it failed to allow Mr. Thomas jury trial on fraud and gross negligence dening him due process

Mr. Thomas's Brief at 4, 7, 9, 13 (unnecessary emphasis and capitalization omitted). We will address these issues in turn.

First, Mr. Thomas requests a new trial because of new evidence purportedly presented at trial by way of certain witnesses' changing their testimony. *See id.* at 4, 6. He claims that he "was prepare[d] to present his case base[d] on the discovery and sworn deposition[s, but] he was not

prepared for the witnesses to change their testimony, which affect[ed] his case in [a] harmful way." *Id.* at 4.

This argument lacks merit. As Monro persuasively explains:

[Mr. Thomas] has mischaracterized trial testimony as "new evidence." Specifically, [Mr. Thomas] characterizes as "new evidence" statements made at trial by his own witnesses that he found to be contrary to the witnesses' prior deposition testimony. The jury was made aware of these alleged inconsistencies as [Mr. Thomas] motioned the [c]ourt for impeachment of the witnesses. [Mr. Thomas] failed to submit any proposed jury instructions regarding prior inconsistent statements at the conclusion of the trial. Further, the jury was instructed as to the credibility of witnesses consistent with Pennsylvania's Suggested Civil Jury Instructions.

Monro's Brief at 6 (internal citations omitted). *See also* TCO at 5 ("Not only was [Mr. Thomas] allowed to point out what he perceived to be prior inconsistent statements in a more pointed manner than most lawyers, [Mr. Thomas] was free to argue that point during a closing argument and welcome to submit this or any proposed jury instruction prior to the trial's conclusion."). We ascertain no error by the trial court, and decline to grant Mr. Thomas relief on this basis.

We next address Mr. Thomas's second and fifth issues together, as they raise related questions. Mr. Thomas alleges that the court erred when it failed to give jury instructions for all counts of his complaint and pretrial statement. *See* Mr. Thomas's Brief at 7. In particular, Mr. Thomas claims that the trial court did not instruct the jury on count two of his complaint alleging fraud and gross negligence, which thereby denied him due process. *See id.* at 7, 13. Significantly, however, after the trial court instructed the jury on fraudulent

- 4 -

misrepresentation and breach of contract, the following exchange occurred at sidebar before the jury retired to deliberate:

[The court]: Mr. Thomas, would you like to add anything, [or] delete anything [from the jury instructions]?

[Mr. Thomas]: From the questions?

[The court]: From what I read.

[Mr. Thomas]: No.  I thought it was fair.

N.T. Jury Trial, 9/13/2016, at 122.

In light of the above exchange, we deem Mr. Thomas's claims challenging the jury instructions to be waived.  It is well established that "[o]bjections to jury instructions must be made before the jury retires to deliberate, unless the trial court specifically allows otherwise.  Pa.R.C.P. No. 227(b)." *See Renninger v. A & R Machine Shop*, 163 A.3d 988, 1002 (Pa. Super. 2017) (case citation and original brackets omitted).  Further, "[w]here a party fails to specifically object to a trial court's jury instruction, the objection is waived and cannot subsequently be raised on appeal."  *Id.* (citations and original brackets omitted).  The record is clear that Mr. Thomas made no objection to the jury instructions before the jury retired to deliberate. Moreover, while we recognize that Mr. Thomas proceeded *pro se* at trial, "any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing." *Commonwealth v. Greenwalt*, 796 A.2d 996, 997 (Pa. Super. 2002) (citation omitted).

Third, Mr. Thomas insists that the trial court erred by failing to give clear instruction and re-instruction to the jurors. *See* Mr. Thomas's Brief at 9. He states that the trial court's instructions were "ambiguous" and "too broad" for a reasonable person to understand. *See id.* at 9-10. Further, he contends that the trial court should have given additional instructions after the jury asked a question, which demonstrated its confusion. *Id.*

To begin, we again determine that Mr. Thomas has waived his claim that the jury instructions were ambiguous and too broad, as he did not make a timely objection at trial. *See Renninger, supra.* Nevertheless, even if not waived, Mr. Thomas does not specifically explain why he believes the trial court's instructions were ambiguous and too broad. The trial court explained that it "instructed the jury consistent with the Pennsylvania Suggested Standard Civil Jury Instructions on all issues touched upon and relative to his case." TCO at 5-6. Thus, we would discern no error by the trial court, especially given Mr. Thomas's lack of meaningful argument to the contrary.

As for the adequacy of the trial court's response to a question by the jury, and whether it should have provided additional instructions, we again ascertain no error. Specifically, Mr. Thomas complains of the following response given by the trial court to a jury question:

> [The court]: We have a question, it's dated today, 9/13/2016, the time I give is 5:10 p.m. The question is, just to confirm, we are being asked to determine if [Monro] breached the contract. It's signed by the – here, you may read it. It's signed by Salina Smith, the foreperson of the jury, No. 1 juror.

\*\*\*

- 6 -

> My answer to this is quite simple. Yes. That's what we're here about, breach of contract.

> ***

> Here's how we're going to answer it. The answer is yes, and also they're to determine misrepresentation. Okay. Here. All right. He's going to go up and tell the jury that.

N.T. Jury Trial at 123-26.

Mr. Thomas does not elaborate on what specifically was insufficient about the trial court's answer; instead, he simply reiterates that the trial court failed to give instructions to all charges presented, and complains that it did not give additional instruction on the breach of contract charge following the jury question. *See* Mr. Thomas's Brief at 10 ("The jur[y] clearly was confused and [the] court[] failed to clarify and give additional [] instruction [for] all charges presented but confirmed only one count with no instruction."). As stated above, Mr. Thomas waived his argument regarding the other charges on which he wished to have the jury instructed by not lodging an objection at trial before the jury retired to deliberate. Moreover, although Mr. Thomas cites to legal authority, he does not develop his argument or provide analysis pertaining to what additional instruction the trial court should have given regarding the breach of contract charge. Accordingly, we deem this claim waived. *See Commonwealth v. Richard*, 150 A.3d 504, 514 (Pa. Super. 2016) ("This Court will not act as counsel and will not develop arguments on behalf of an appellant. Mere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of a matter.") (citation and original brackets omitted).

Finally, Mr. Thomas argues that the trial court erred when it failed to present all exhibits and evidence to the jury during its deliberation. *See* Mr. Thomas's Brief at 13. His entire argument on this issue is that he "made countless requests to attach the exhibits/evidence with the [jury], but … the court sent the exhibits and evidence late around 5 minutes before the [jury] … rendered a decision…." *Id.* at 13.

Initially, we acknowledge that Pennsylvania Rule of Civil Procedure 223.1(d)(3) provides that the court "*may* … make exhibits available to the jury during its deliberations[.]" Pa.R.C.P. 223.1(d)(3) (emphasis added). *See also Wagner by Wagner v. York Hospital*, 608 A.2d 496, 503 (Pa. Super. 1992) ("[T]he trial court has the discretion to determine which exhibits should be permitted to go out with the jury.") (citation omitted). While the trial court may exercise such discretion, our review of the trial transcript reveals that Mr. Thomas did not make any request to have the exhibits made available to the jury during its deliberations, nor does Mr. Thomas point us to where he made such a request. Thus, this claim is also waived. *See Thompson v. Thompson*, 963 A.2d 474, 475-76 (Pa. Super. 2008) ("[I]n order to preserve an issue for appellate review, a party must make a timely and specific objection at the appropriate stage of the proceedings before the trial court.") (citation and original brackets omitted). Because we conclude that all of Mr. Thomas's issues on appeal are waived and/or lack merit, we affirm the judgment below.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  3/20/2018