J-S26007-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LISA ANN ROMANIENKO | : | |
| | : | |
| Appellant | : | No. 196 MDA 2025 |

Appeal from the Judgment of Sentence Entered December 4, 2024
In the Court of Common Pleas of Susquehanna County Criminal Division
at No(s):  CP-58-CR-0000065-2023

BEFORE:  LAZARUS, P.J., OLSON, J., and BECK, J.

JUDGMENT ORDER BY LAZARUS, P.J.:    **FILED: NOVEMBER 7, 2025**

Lisa Ann Romanienko appeals, pro se, from the judgment of sentence entered in the Court of Common Pleas of Susquehanna County.  We quash this appeal, as Romanienko's brief is in almost total noncompliance with the rules related to the form and content of appellate briefs.

Briefly, by way of background, on November 14, 2024, a jury convicted Romanienko of criminal mischief-damage property,[1] defiant trespass—fenced/enclosed,[2] and defiant trespass—actual communication.[3]  That same date, the Honorable Jason J. Legg convicted Romanienko of the summary

---

[1] 18 Pa.C.S.A. § 3304.

[2] *Id.* at § 3503(b)(1)(iii).

[3] *Id.* at § 3503(b)(1)(i).

charge of criminal trespass.[4]  On December 4, 2024, the court sentenced Romanienko to 24 months' probation, a fine of $50.00, costs in the amount of $50.00, and restitution in the amount of $6,379.00.  Romanienko filed a timely notice of appeal on February 3, 2025.

Preliminarily, we emphasize that appellate briefs shall materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. **See** Pa.R.A.P. 2101.  If the defects in a brief are "substantial," we may quash or dismiss the appeal.  **Id.**  Rule 2111 dictates the contents of an appellant's brief.

Here, Romanienko's brief is wholly inadequate under our rules; it does not contain a statement of jurisdiction, the order or determination in question, a coherent statement of the scope and standard of review, a statement of the questions involved, a summary of the argument, an argument section, or a copy of the opinion below.  **See** Pa.R.A.P. 2111(a)(1)-(4), (6), (8), (10). Moreover, despite the fact that this is an appeal in a criminal case from a judgment of sentence, Romanienko's brief reads as a study on easement law.

Although this Court may liberally construe materials filed by a pro se litigant, pro se status confers no special benefit upon an appellant. **Commonwealth v. Lyons**, 833 A.2d 245, 251-252 (Pa. Super. 2003). "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other

---

[4] **Id.** at § 3503(b.1)(1)(iii).

meaningful fashion capable of review, that claim is waived." *Umbelina v. Adams*, 34 A.3d 151, 161 (Pa. Super. 2011), quoting *In re W.H.*, 25 A.3d 330, 339 (Pa. Super. 2011); *see also* Pa.R.A.P. 2119(a). As in *Commonwealth v. Taylor*, 451 A.2d 136 (Pa. Super. 1982), the defects here "are not mere matters of form or taste, [but] are the complete absence of those material sections of the brief [that] facilitate appellate review[,]" such that "we find our ability to conduct meaningful appellate review severely impaired." *Id.* at 1361.

"This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Krauss v. Trane U.S. Inc.*, 104 A.3d 556, 584 (Pa. Super. 2014) (citation omitted); *J.J. DeLuca Co., Inc. v. Toll Naval Assoc.*, 56 A.3d 402, 411 (Pa. Super. 2012). Romanienko's failure to delineate and develop issues on appeal with citation to relevant authorities constitutes waiver. *See Irwin Union National Bank and Trust Co. v. Famous*, 4 A.3d 1099, 1103 (Pa. Super. 2010) (explaining Superior Court will not act as counsel and will not develop arguments on behalf of appellant; when deficiencies in brief hinder our ability to conduct meaningful appellate review, we may deem certain issues waived); *Lackner v. Glosser*, 892 A.2d 21 (Pa. Super 2006) (explaining arguments not appropriately developed with citation to relevant authority are waived on appeal). *See also Branch Banking and Trust v. Gesiorski*, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted) ("When issues are not properly raised and developed in briefs, [or] when the briefs are wholly inadequate to present specific issues for review, a

Court will not consider the merits thereof." ).  Further, this Court will not "scour the record to find evidence to support an argument[.]"  **Milby v. Pote**, 189 A.3d 1065, 1079 (Pa. Super. 2018) (citation omitted).

Because the defects in Romanienko's brief are substantial, this Court is precluded from conducting any meaningful appellate review.  Accordingly, we quash this appeal.  **See** Pa.R.A.P. 2101; **Commonwealth v. Greenwalt**, 796 A.2d 996 (Pa. Super. 2002).

Appeal quashed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 11/7/2025