J-S18015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                      :                   PENNSYLVANIA
                                                      :
                     v.                                     :
                                                          :
ROBERT PAUL BOLTZ, SR.                    :
                                                            :
                  Appellant                    :     No. 1591 MDA 2018

Appeal from the PCRA Order Entered September 26, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0000648-2016

BEFORE: BOWES, J., NICHOLS, J., and STEVENS,* P.J.E.

MEMORANDUM BY BOWES, J.:                   **FILED MAY 31, 2019**

Robert Paul Boltz, Sr., appeals *pro se* from the order that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

Appellant is currently serving a sentence of imprisonment following convictions for aggravated assault, simple assault, recklessly endangering another person, criminal mischief, and harassment. This Court offered the following summary of the facts underlying Appellant's convictions.

> During the evening hours of January 30, 2016, [Appellant's] estranged wife, Lynda Boltz, was present inside of her residence . . . . At that time, Lynda Boltz's boyfriend, James Wosochlo,

---

[1] Appellant purported to appeal from PCRA court's August 28, 2018 order giving Appellant notice of its intent to dismiss his petition without a hearing. That was not a final, appealable order. **See**, **e.g.**, **Commonwealth v. McGarry**, 172 A.3d 60, 64 n.1 (Pa.Super. 2017). However, the PCRA court's September 26, 2018 order dismissing the petition ripened the previously-premature appeal and perfected our jurisdiction. **See id**.; Pa.R.A.P. 905(a)(5). We have amended the caption to reflect the final order that properly forms the basis of this appeal.

\* Former Justice specially assigned to the Superior Court.

arrived at her residence to have dinner. Wosochlo was operating a red Chevrolet Silverado and parked in the driveway. After dinner, Lynda Boltz and Wosochlo were in the bedroom when they heard a noise outside coming from the rear portion of the residence. Wosochlo and Lynda Boltz then exited the residence to determine the source of the noise. . . . [Appellant] was in possession of a knife and attempted to stab Wosochlo in the chest/stomach area but was blocked by Wosochlo. . . . Wosochlo took the knife away from [Appellant] and threw it aside. During the altercation, Wosochlo sustained a scratch on his arm. Wosochlo secured [Appellant's] arms and moved him to the front of the residence so [Appellant] would leave the property. [Appellant] threatened to sue Wosochlo if he suffered any injuries and referenced his prior back surgery. [Appellant] was shouting at Wosochlo and said ". . . I know where you live. I know where you work. I know you have a Mexican girlfriend." Wosochlo released [Appellant] who then left the residence and the altercation concluded. The knife was recovered by Pennsylvania State Police Trooper Dominic Marino. After [Appellant] had left the residence, Wosochlo observed damage to his vehicle. Wosochlo noticed that the words "fuck you" were scratched into the paint on the back of his vehicle. He also saw that the anti-lock braking system lines were cut and all four of his tires were slashed. . . .

*Commonwealth v. Boltz*, 179 A.3d 534 (Pa.Super. 2017) (unpublished memorandum at 1-2) (cleaned up).

On October 3, 2017, this Court affirmed Appellant's judgment of sentence on direct appeal. Appellant timely filed the instant PCRA petition on February 28, 2018. Appellant's prior counsel filed a motion to withdraw, and Appellant filed a motion to dismiss counsel. Following a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998), the PCRA court permitted Appellant to proceed *pro se*. The Commonwealth filed an answer to the PCRA petition, and Appellant filed a response. The PCRA court thereafter issued notice of its intent to dismiss the petition without a hearing.

After Appellant filed a premature appeal, the PCRA court dismissed the petition by order of September 26, 2018. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant states the following questions on appeal, which we have renumbered for ease of disposition:

1. Whether the Appellant was wrongfully convicted, and sentenced in violation of the Double Jeopardy Clause[?]

2. Whether constitutional violations existed?

3. Whether there existed a conflict of interest (judicial misconduct) due to the Hon. M. Theresa Johnson, presiding over the Appellant's divorce case, and criminal case?

4. Whether the Appellant was prejudiced by the [PCRA] court, when the Appellant wa[s] not afforded an opportunity to amend his *pro-se* petition for post conviction collateral relief, to further clarify/argue the allegations?

5. Whether defense/trial counsel was ineffective in various manners (layered), especially when refusing to abide by the Appellant's request to file pre/post sentencing motions/and to investigate, meet, prepare for trial, and utilize at trial exculpatory witnesses to impeach victim's complaint/ testimony?

6. Was the Appellant prejudiced by the [PCRA] court, when it failed to hold an evidentiary hearing, based on the Appellant's allegations of ineffective assistance of counsel?

7. Whether the [PCRA] court erred in dismissing Appellant's *pro-se* petition for post conviction collateral relief, under the guise of unmeritorious allegations?

Appellant's brief at unnumbered 4-5 (unnecessary capitalization omitted).[2]

We begin with the principles pertinent to our review. "Our standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa.Super. 2011). Further, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Miner*, 44 A.3d 684, 688 (Pa.Super. 2012).

Appellant's first three issues, which claim constitutional violations generally and a double jeopardy violation specifically, as well as judicial

_____

[2] Intermittent pages in Appellant's brief are numbered, but do not add up to an accurate count of the total pages. Our citations are to the number of the pages as they correspond to the page Appellant has numbered "3" that contains his Appellant's statement of the order in question.

Indeed, Appellant's brief is a disorganized jumble, with little or no citation to relevant authority. The Commonwealth argues that we should dismiss this appeal or find all of Appellant's issues waived on that basis. Commonwealth's brief at 6-8 (citing, *inter alia*, Pa.R.A.P. 2101 (providing that an appeal may be dismissed based upon substantial defects in the brief; *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (stating claims are waived when not properly developed)). To the extent that we can discern Appellant's arguments, we will not find waiver based upon defects in his brief. However, for the reasons discussed *infra*, the Commonwealth is apt in noting the long-recognized principle that "while this [C]ourt is willing to liberally construe materials filed by a *pro se* litigant, . . . any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." Commonwealth's brief at 7 (internal quotation marks omitted). *See also Commonwealth v. Greenwalt*, 796 A.2d 996, 997 (Pa.Super. 2002) (same).

misconduct, were not alleged in Appellant's PCRA petition. Accordingly, we may not address them on appeal. *See*, *e.g.*, *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011) ("It is well-settled that issues not raised in a PCRA petition cannot be considered on appeal.") (cleaned up).

With his fourth issue, Appellant claims that the PCRA court erred in not allowing him to amend his petition. This issue was not raised in Appellant's Rule 1925(b) statement. Therefore, it is waived. *See*, *e.g.*, *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011) ("Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived.") (cleaned up).

Appellant's fifth issue concerns allegations of ineffectiveness of counsel. We note that counsel is presumed to be effective, and a PCRA petitioner bears the burden of proving otherwise. *Commonwealth v. Becker*, 192 A.3d 106 (Pa.Super. 2018). To do so, the petitioner must plead and prove (1) the legal claim underlying his ineffectiveness claim has arguable merit; (2) counsel's decision to act (or not) lacked a reasonable basis designed to effectuate the petitioner's interests; and (3) prejudice resulted. *Id*. The failure to establish any prong is fatal to the claim. *Id*.

Appellant offers the following argument as to the deficient performance of counsel:

> [Appellant] adamantly contends that defense counsel was ineffective in[ ]various forms; failure to meet and prepare for trial, failure to investigate, failure to abide by **Pa.R.A.P. § 702**. [I]f counsel would have sought advice from a medical physician, that e[x]pert's testimony, most likely than not, would have proved that [Appellant] in his current state of health, could not have . . .

performed the acts, testifie[d] to by the alleged victim. Counsel's failure to disclose or request that the trial judge recuse themselves due to a "conflict of interest," was relevant, since the sitting judge, was also the presiding judge over [Appellant's] divorce civil suit, where hearings had already had been held that prejudiced the defendant. (see) (**Pa. Rules of Performance of Duties ex.al**) Further, counsel's negligence in asserting information with regards to the turbulaent [*sic*] divorce proceedings, would have led to the ulterior motives of his then spouse and live in boyfriend (alleged victim).

Appellant's brief at 11, 15 (unnecessary capitalization omitted; emphases in original).[3]

Not all of these allegations are included in Appellant's PCRA petition. As discussed above, the petition contains no allegations about a conflict of interest on the part of the trial judge. Nor did Appellant aver any negligence on the part of trial counsel by injecting the divorce proceedings into the trial or mention a medical expert. The petition also contains no allegations about how counsel failed to comply with Pa.R.A.P. 702, which concerns final orders. Accordingly, those issues are waived on appeal. *See Ousley*, *supra* at 1242.

The only allegations found in the petition concerning counsel's performance are an unannotated list of case citations followed by the bald assertions that counsel was ineffective "for failure to prepare/meet/strategize" and for "failure to investigate." PCRA Petition, 2/28/18, at ¶ 1, 2. The PCRA court addressed those claims preliminarily by noting that Appellant was

---

[3] The PCRA court's order dismissing Appellant's petition and Appellant's Rule 1925(b) statement are interposed between pages 11 and 15.

represented by several attorneys during the case, but he failed to indicate which attorney or attorneys offered ineffective assistance. Order and Notice of Intent to Dismiss, 8/28/18, at 8. The PCRA court further observed that Appellant "failed to set forth sufficient facts upon which this court could conclude that [his] unidentified counsel may have been effective." *Id*. Moreover, the PCRA court recognized that Appellant did not discuss any of the three ineffectiveness prongs. *Id*. Therefore, the PCRA court concluded that his claims were waived for lack of development. *Id*. at 9.

Our review of the record confirms the PCRA court's representations. Appellant's petition contained insufficient allegations of what counsel should or should not have done, or how he was prejudiced by counsel's chosen course. Nor did Appellant file a response to the PCRA court's notice of intent to dismiss expounding upon the basis of his claims, although the PCRA court properly advised him of his right to do so. Accordingly, the PCRA court did not abuse its discretion in dismissing Appellant's underdeveloped petition. *See*, *e.g*., *Commonwealth v. McDermitt*, 66 A.3d 810, 813-14 (Pa.Super. 2013) (affirming dismissal of claims of ineffective assistance of counsel where, *inter alia*, allegations in petition did not explain specifics of underlying claim or establish prejudice).

The sixth issue identified by Appellant is that the PCRA court erred in failing to hold a hearing on his ineffectiveness allegations. Appellant's brief at 4. We disagree. There is no absolute right to an evidentiary hearing on a

PCRA petition. *Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa.Super. 2008). "To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Commonwealth v. Brown*, 196 A.3d 130, 193 (Pa. 2018) (cleaned up). As the PCRA court properly concluded that Appellant's claims of ineffective assistance of counsel were not founded upon sufficient allegations to raise an issue of fact concerning his entitlement to relief, the PCRA court did not abuse its discretion in declining to hold a hearing on the issues.

Appellant's last contention is that the PCRA court erred in dismissing his petition "under the guise of unmeritorious allegations." Appellant's brief at 4. The PCRA court committed no such error, for, as our foregoing analysis indicates, Appellant did not raise or develop any meritorious claim. We therefore conclude that Appellant has not met his burden "to persuade us that the PCRA court erred and that relief is due," and we affirm the order dismissing Appellant's petition. *Miner*, *supra* at 688.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/31/2019